IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KAYLA ROBLES,

            Plaintiff,

v.                                                     OPINION and ORDER

SAUK CITY DEPT. OF HUMAN SERVICES and         23-cv-152-wmc[1]
WINNEBAGO MENTAL HEALTH INSTIUTTE,

            Defendants.

---

      Pro se plaintiff Kayla Robles contends that defendants, the Sauk City Department of Human Services and Winnebago Mental Health Institute, forced her to sign away her rights to her children's placement while she was under the influence. Because Robles is proceeding in forma pauperis, the next step is to screen her complaint and supplement, Dkts. 1–2, and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. When screening a pro se litigant's complaint, I accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

      I am dismissing this case without prejudice for lack of subject matter jurisdiction.

ANALYSIS

      In 2020, Robles was arrested and detained in jail while she was under the influence. At some point during her detention Robles signed a document related to the placement of her

---

[1] I am exercising jurisdiction over this case for purposes of screening only.

children, but she was under the influence at that time. Robles was moved from the jail to a medical facility, where she stayed for two months. During that time Robles was forced to take drugs that rendered her incapacitated. While Robles was under the influence of drugs at the facility, she signed away her rights to take care of her children to her cousin.

Robles contends that she was incapable of entering into a contract regarding her children's placement, and she seeks to bring state-law claims to rescind the contract. Robles asks that this court issue an order rescinding the documents Robles signed, and to order defendants to return her children to her.

This court does not have jurisdiction to address any challenge Robles might wish to bring related to the placement and custody of her children, for two reasons.

First, Robles invokes this court's diversity jurisdiction under 28 U.S.C. § 1332, alleging that the amount in controversy here exceeds $75,000. But for this court to exercise diversity jurisdiction, Robles must be a citizen of a different state than all defendants. Because Robles does not allege to be a citizen of a different state than the two defendants named, the court does not have jurisdiction over this case under § 1332.

Second, even if Robles satisfied the diversity requirement, I infer from Robles' allegations that she wishes to challenge state-court decisions regarding her children's placement or custody, but lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments. *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Also, under the "domestic relations exception," this court lacks the authority to issue orders that would "involve[e] the issuance of a divorce, alimony, or child custody decree" because each are exclusively governed by state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007) (federal courts must

refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court). The relief Robles seeks would require this court to review state court orders related to her children's placement, so her claims may not proceed in this court. I will dismiss this case without prejudice for lack of subject matter jurisdiction.

## ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice for lack of subject matter jurisdiction.

2. The clerk of court is directed to close this case.

Entered May 3, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge